IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT M. DRIVER,
Inmate No. J06161,
    Plaintiff,

vs.    Case No.: 3:16cv700/MCR/EMT

REGULO CALAYCAY, M.D.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. By order dated June 3, 2019, the court recounted the efforts that had been made by the court on Plaintiff's behalf to locate and serve the lone Defendant in this action, Regulo Calaycay, M.D., such efforts having been unsuccessful due to the inability to ascertain a current address for Defendant Calaycay (*see* ECF No. 37).

Although more than 120 days had passed since the court first issued a summons for Defendant Calaycay on January 9, 2019, pursuant to Rule 4 of the Federal Rules of Civil Procedure, the court determined that there was good cause to extend the time for service (*id.* (citing Fed. R. Civ. P. 4(m)). At the same time, however, the court noted its own reasonable but unsuccessful efforts to effect service, and therefore stated

that it was apparent that Defendant Calaycay could not be located. The court further commented that, without a viable address for service, this case would be subject to dismissal. Accordingly, the court ordered Plaintiff to advise the court as to whether he agreed to the dismissal of this case, or whether he objected to dismissal, in which case he was required to provide the court with a valid address for Defendant Calaycay (ECF No. 37).

Plaintiff responded with an objection (ECF No. 38), in which he related that he was attempting to secure counsel on his behalf and that counsel would then attempt to locate and serve the Defendant. Plaintiff also related that if he failed to secure counsel, he would enlist a private investigator to locate Defendant Calaycay. Plaintiff thereby requested additional time, and by order dated June 21, 2019, the court gave Plaintiff until August 12, 2019, to effect service and provide the court with proof of service, noting that failure to do so would result in a recommendation that this case would be dismissed (ECF No. 39). That deadline has now passed, and Plaintiff has failed to provide proof of service or to otherwise notify the court regarding this or any other matter to do with the case.

In providing service for a pro se prisoner such as Plaintiff who is proceeding in forma pauperis, a district court should determine whether a defendant "can be located with reasonable effort" and serve that defendant if possible. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010). Where a defendant is unable to be located after a reasonable effort, and no proper address is forthcoming, dismissal of the case under Rule 4(m) is proper. *Id.*; *see also* Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) (stating that where an incorrect address for the defendant is provided and not remedied, dismissal for lack of service would be proper); Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (dismissing defendant for whom incorrect address was provided and prisoner failed to provide another address).

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** under Fed. R. Civ. P. 4(m) for failure to timely provide service of process, and for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 15th day of August 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.